UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-08407-MWF (JPRx) | Date: | March 20, 2025 |
| Title: | Kenneth Larsen v. Home Depot U.S.A., Inc. et al. | | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]

Before the Court is Plaintiff Kenneth Larsen's Motion to Remand (the "Motion"), filed October 30, 2024. (Docket No. 10). Defendants Home Depot U.S.A., Inc. ("Home Depot") and Lisa Rodriguez filed an Opposition on November 8, 2024. (Docket No. 12). Plaintiff filed a Reply on November 15, 2024. (Docket No. 14).

The Motion was noticed to be heard on **December 2, 2024**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **GRANTED**. Defendants have failed to prove that Defendant Lisa Rodriguez is a sham defendant, or else that the Court should remove her from this action as a discretionary matter. Diversity jurisdiction therefore does not exist in this matter.

## I.   BACKGROUND

Plaintiff commenced this action in Los Angeles County Superior Court on January 31, 2024. (Complaint (Docket No. 1, Ex. A)). On September 3, 2024, Plaintiff filed a Statement of Damages indicating that Plaintiff seeks at least $5,500,000 in damages. (Statement of Damages (Docket No. 1, Ex. D)). On September 30, 2024, Defendants filed the Notice of Removal. (Docket No. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-08407-MWF (JPRx)                     Date:  March 20, 2025
Title:       Kenneth Larsen v. Home Depot U.S.A., Inc. et al.

Plaintiff alleges that he visited a Home Depot store located in West Hills, California, on or around January 14, 2023.  (Complaint ¶¶ 6-7).  Plaintiff alleges that because of Defendants' failure to keep the property in safe condition, "Plaintiff was caused to slip and/or trip and fall at the Subject Property due to a dangerous condition thereby causing her [sic] to sustain the injuries and damages complained of herein." (*Id.* ¶¶ 8-10).

On the basis of these allegations, Plaintiff brings causes of action for negligence and premises liability against both defendants.  (*Id.* ¶¶ 12-26).

The Complaint is a "shotgun" pleading in that the allegations are made indiscriminately against both Home Depot and Rodriguez.  (*See generally id.*).  From the Notice of Removal and the parties' submissions, the Court understands that Rodriguez is an employee and manager of the Home Depot store at which Plaintiff was allegedly injured.  (Notice of Removal ¶ 6; Motion at 1).

Defendants stated that the basis for removal was diversity jurisdiction.  (Notice of Removal ¶¶ 5-7).  Defendants argued that diversity jurisdiction exists despite the facts that Plaintiff and Rodriguez are both California residents, because "[Rodriguez] is a nominal and unnecessary defendant, who was acting in the course and scope of her employment with Home Depot at the time of the incident, has no individual liability, and whose only purpose as a named defendant is to destroy diversity jurisdiction."  (*Id.* ¶ 6).  While the Notice of Removal does not use the precise term, the Opposition makes clear that Defendants contend that Rodriguez is a sham defendant.  (Opposition at 2).

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states.  The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-08407-MWF (JPRx)         **Date:** March 20, 2025
**Title:**     Kenneth Larsen v. Home Depot U.S.A., Inc. et al.

An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chem. Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). A removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds v. The Boeing Co.*, CV 15-02846-SVW (ASx), 2015 WL 4573009, at *2 (C.D. Cal. July 28, 2015) ("To prove fraudulent joinder, the removing defendant must show that settled law obviously precludes the liability against the nondiverse defendant.").

The Court may look to affidavits and other evidence to determine whether the joinder is a sham but must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of Plaintiff. *Calero v. Unisys Corp.,* 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). There is a heavy burden on the defendant, as "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials,* 494 F.3d at 1206. "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants the court must remand." *Smith v. Allstate Ins. Co.*, 2010 WL 2510117, at *3 (N.D. Cal. June 17, 2010) (quoting *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002)).

## III. ANALYSIS

In the Motion, Plaintiff makes three arguments: first, that although Home Depot is liable under law for actions of its employees, this does not exonerate the employee from liability; second, that certain authority cited in the Notice of Removal is irrelevant because those authorities concerned situations in which a plaintiff sought to add a defendant *after* removal to destroy diversity; and third, that the Court need not exercise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 24-08407-MWF (JPRx) | Date:  March 20, 2025 |
| Title: | Kenneth Larsen v. Home Depot U.S.A., Inc. et al. | |

its discretion to dismiss Rodriguez under Federal Rule of Civil Procedure 21.  (*See generally* Motion).

This case presents a close call, although not for the reasons that occupy much of the briefs.  Plaintiff is correct that the liability of an employer does not absolve an employee of liability merely because an employer will ultimately foot the bill—while for nearly all practical purposes a defendant like Rodriguez is nominal, it is foreseeable that there are some instances in which a manager may be responsible for a judgment that the employer may not pay, as in a case where the employer goes bankrupt or the employee is otherwise the "deep pocket."  *See, e.g.*, *Davis v. Wal-Mart Stores Inc.*, No. CV 16-CV-09480-JFW (AJWx), 2017 WL 499595, at *5 (C.D. Cal. Feb. 6, 2017) ("Whether Wal-Mart has a duty to defend and indemnify [the nondiverse defendant] has no bearing on whether she may or may not, under settled California law, be held liable for negligent hiring, supervision, retention, and training.").

Defendants' arguments on this point are inapposite.  Defendants note that the obligation of an employer to indemnify its employee means that the Plaintiff need not bring the cause of action against the employee—that the employee is not a necessary and indispensable party.  (Opposition at 4).  That argument would be compelling if made by Plaintiff to explain in a counterfactual scenario why he ***did not*** add Rodriguez as a party but does not provide a compelling justification for finding that Plaintiff ***erred*** by naming Rodriguez.

Defendants fault Plaintiff for relying on an unpublished case from this district: *Fayek v. Costco Wholesale Corp.*, No. SACV 22-01621-JVS (ADSx), 2023 WL 2431999 (C.D. Cal. Mar. 9, 2023).  That case collected several others that permitted a plaintiff to name both a corporation and its employee in a complaint.  *See id.* at *3.  Defendants repeatedly attempt to draw a dichotomy between this unpublished decision and the published decisions on which Defendants rely.  (Opposition at 2, 4, 7-9).  As Plaintiff points out, "the distinction between 'published' and 'unpublished' federal district court decisions is meaningless.  This is for the simple reason that such decisions bind no one except the parties in the underlying case." *Continental W. Ins. Co. v. Costco Wholesale Corp.*, No. C10-1987 RAJ, 2011 WL 3583226, at *3 (W.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 24-08407-MWF (JPRx)                **Date:**  March 20, 2025
**Title:**      Kenneth Larsen v. Home Depot U.S.A., Inc. et al.

Wash. Aug. 15, 2011).  The relevance of any district court case or out-of-circuit appellate case is whether this Court views the reasoning as persuasive.

As between the cases cited by Plaintiff and those cited by Defendants, there is no marked distinction, other than that Plaintiff's cited cases more accurately reflect the situation before the Court now.  For example, Defendants cite to cases (including several out-of-circuit cases) in which courts deny ***motions to amend*** where amendment appeared designed to destroy diversity by adding non-diverse employee defendants.  (*See* Opposition at 4-5).  These cases may indeed be persuasive, if that was the case before the Court.  Instead, the Court is faced with a Complaint which named Rodriguez from the outset; while this may appear to be a formality, Plaintiff is the master of his Complaint and the Court will not pretend it contained different allegations to harmonize the result with a different factual circumstance entirely.  Recent case law is in accordance with this result, as Home Depot well knows.  *See Amado v. Home Depot U.S.A., Inc.*, No. 1:24-cv-606 JLT HBK, 2025 WL 309632 (E.D. Cal. Jan. 27, 2025) (granting remand where Home Depot claimed manager was fraudulently joined and manager was a named defendant at the outset of litigation).

Defendants rely heavily on *Rojas ex rel. Rojas v. Sea World Parks and Entertainment*, 538 F. Supp. 3d 1008 (S.D. Cal. 2021), but that case does not suggest a different result.  There, the employee-defendant that destroyed diversity was a ***Doe defendant*** and the court based its analysis on that fact—the court expressly left open the possibility that the plaintiff could name the Doe defendant at a later time and possibly secure joinder under Federal Rule of Civil Procedure 19.  *Id.* at 1028.  Here, no such determination is needed—Rodriguez's identity is clear and she has already been joined in the action, even if she is not an indispensable party for the reasons identified by Defendants.

Additionally, although Defendants argue that the Court can exercise its discretion to dismiss Rodriguez under Federal Rule of Civil Procedure 21, the Court finds that Defendants fail to affirmatively identify a reason why the Court should do so.  Even if Rodriguez is a dispensable party and Plaintiff is likely to obtain the same relief against Home Depot irrespective of Rodriguez's participation in the action, it is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 24-08407-MWF (JPRx) | **Date:** March 20, 2025 |
| **Title:** Kenneth Larsen v. Home Depot U.S.A., Inc. et al. | |

also fundamentally the case (1) that as a background rule the plaintiff may choose his forum, if otherwise appropriate; and (2) that the Court is obliged to construe its removal jurisdiction narrowly so as not to unduly broaden its jurisdiction. *See, e.g.*, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[G]reat weight is generally accorded plaintiff's choice of forum"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("We strictly construe the removal statute against removal jurisdiction.").

What ultimately makes this matter a close decision is the lack of specificity in the Complaint's allegations. The Complaint makes no specific allegations about any conduct by Rodriguez—all of the allegations (save that Rodriguez is a California resident) concern Home Depot and Rodriguez jointly. (*See generally* Complaint). As stated above, fraudulent joinder may be established through "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter*, 582 F.3d at 1044. This is a high bar. As to the second prong, "if there is a ***possibility*** that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* at 1046 (emphasis added) (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)).

As Plaintiff suggests in his Reply, the Ninth Circuit has explicitly held that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018). Because the fraudulent joinder doctrine ultimately rests on a jurisdictional determination, "the standard is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

Even though the allegations in the Complaint are unfortunately lacking in specificity, the Court cannot say that the allegations against Rodriguez are frivolous. The question is not whether the Complaint presently states a claim, but whether the underlying facts, viewed in the light most favorable to Plaintiff, could ultimately support a cause of action in state court. *Avellanet v. FCA US LLC*, No. CV 19-07621-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-08407-MWF (JPRx)  **Date:** March 20, 2025
**Title:** Kenneth Larsen v. Home Depot U.S.A., Inc. et al.

JFW (KSx), 2019 WL 5448199, at *2 (C.D. Cal. Oct. 24, 2019) ("[A]ny doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand."); *Martinez v. Michaels*, No. CV 15-02104-MMM (Ex), 2015 WL 4337059, at *5 (C.D. Cal. July 15, 2015) ("[T]he defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies.").

Defendants have failed to make a showing that the underlying facts could not be used to state a cause of action against Rodriguez. Under California law, "[t]he elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158, 210 Cal. Rptr. 3d 283 (2016). As described above, a plaintiff may bring causes of action for negligence and premises liability against a manager. Although Plaintiff here has not alleged any specific conduct that Rodriguez undertook, Defendants do not appear to argue that Rodriguez was ***not*** the manager on site that day, or that Plaintiff did not slip and fall because of a dangerous condition on the premises. These facts suggest that if the Superior Court were to find that the Complaint fails to state a claim under California law, the Complaint could ***possibly*** be amended to state a claim. *See Smith*, 2010 WL 2510117, at *3. The allegations here are undoubtedly vague, but the Court cannot say that they are frivolous. It would be premature and conjectural to suppose that the Court has jurisdiction because the Complaint might fail to state a claim under federal pleading standards, as Defendants would have the Court do here.

Accordingly, the Motion is **GRANTED** and the action is **REMANDED** to Los Angeles County Superior Court.

IT IS SO ORDERED.